133 So.2d 122 (1961)
David ASHE, Walter J. Dugan, John H. Flancher, Domina C. Jalbert, Quinten J. Liberati, William Sayre, Aris J. Smith, Haven C. Schrecengost, John J. Woods and Harold Schmidt, Appellants,
v.
CITY OF BOCA RATON, Florida, and Courtney C. Boone, John R. Brandt, Joseph Delong, William Herbold, al Rues, constituting the members of the Boca Raton, Florida, City Commission; the State Board of Control of Florida, and J.J. Daniel, J.K. Hays, James J. Love, Ralph L. Miller, S. Kendrick Guernsey, James D. Camp, Sr., and Frank M. Buchanan, constituting the members of the State Board of Control of Florida; and J. Broward Culpepper, individually, and as Executive Director and/or Secretary of the State Board of Control of Florida; Thomas D. Bailey, individually, and as State Superintendent of Public Instruction and as a member of the State Board of Education, Appellees.
No. 2256.
District Court of Appeal of Florida. Second District.
September 27, 1961.
*123 Merwin E. Taylor, Miami Springs, for appellants.
Richard W. Ervin, Atty. Gen., by Joseph Nesbitt, Asst. Atty. Gen., and Leon F. Weaver, City Atty. for Boca Raton, Boca Raton, for appellees.
WHITE, Judge.
Appellants David Ashe and others were plaintiffs in a suit in the Circuit Court for Palm Beach County seeking by declaratory decree to invalidate a deed conveying 203 acres of land from the City of Boca Raton to the Florida State Board of Education. The plaintiffs are Boca Raton residents and taxpayers, some of whom operate aircraft using the facilities of the Boca Raton Municipal Airport located on the land in question. The defendants are the City of Boca Raton and members of the City Commission, the State Board of Control and its members and director, the State Board of Education and Thomas D. Bailey as State Superintendent of Public Instruction and member of the State Board of Education.
From an order dismissing the amended complaint with prejudice the plaintiffs filed their appeal to which the defendant-appellees directed a joint motion to dismiss. Consideration of this motion was deferred pending final arguments and consideration of the full merits. The parties will be referred to according to their designation in the trial court.
On December 29, 1948 the United States of America, under authority of the Surplus Property Act of 1944, 50 U.S.C.A. Appendix, § 1611 et seq., conveyed by quitclaim deed to the City of Boca Raton 1203 acres of land formerly known as the Boca Raton Army Airfield, with the proviso that the land was to be used for public airport purposes subject to the requirements of the Civil Aeronautics Administration. This was a covenant running with the land. Thereafter on February 1, 1950 the United States of America, through the General Services Administration, conveyed by quitclaim deed to the City of Boca Raton the water and sanitary facilities pertinent to the airport.
On June 18, 1958 the Civil Aeronautics Administration released 1,000 acres of the land in question from the use restriction requiring that an airport be maintained and operated thereon. The release was executed expressly in contemplation of the land being utilized for state educational purposes, but the original restriction was continued as to the remaining 203 acres actually used as an airport.
On April 16, 1959 the City of Boca Raton conveyed the 1,000 acres, released as aforesaid, to the State Board of Education for the purpose of construction of a four-year state university but the 203 acre airport site was retained. On April 24, 1959, however, the city quitclaimed the 203 acres to the State Board of Education subject to the original restriction which, as to the said 203 acres, apparently has not been released by the Civil Aeronautics Administration or its successor the Federal Aviation Agency. The pleadings contain no averment of any monetary consideration with respect to any of these transactions.
On September 28, 1960 the plaintiffs filed their amended complaint praying for a declaratory decree setting aside the city's conveyance of the 203 acre tract to the State Board of Education. It is the crux of the plaintiffs' complaint that the State Board of Education will not be in position to maintain and operate the airport and that plaintiffs are in danger of losing the use thereof by reverter to the federal authority.
The defendants moved to dismiss the complaint as insufficient to state a cause of action in that it failed to show how the plaintiffs would be affected or injured differently from the general public of the City of Boca Raton or how the conveyance of the land would result in any special damage to the plaintiffs; that therefore the plaintiffs were not entitled to maintain suit for declaratory relief on the facts alleged. The granting of the motion to *124 dismiss the complaint with prejudice is, of course, the basis of the plaintiffs' assignments of error on appeal.
The Declaratory Judgments Act, Florida Statutes, Chapter 87 F.S.A., may not be invoked if it appears that there is no bona fide dispute with reference to a present justiciable question. Thus in a taxpayers' suit seeking declaratory relief against some action of the governing authority of a municipal corporation, the complaint does not present a justiciable case if it fails to allege facts clearly showing that the action sought to be forestalled or nullified will result in a wrongful increase of taxes or in some special injury to the plaintiffs apart from other members of the community. There must be an existing adverse interest. It follows that if the question posed for adjudication is moot or premature, or if the relief sought is merely to secure an advisory opinion of the court, the proceeding is not judicial in nature and therefore not properly within the compass of the Declaratory Judgments Act. These principles are well settled. See Ready v. Safeway Rock Co., 1946, 157 Fla. 27, 24 So.2d 808; May v. Holley, Fla. 1952, 59 So.2d 636; Pirtle v. City of Titusville, Fla. App. 1958, 101 So.2d 397; Guernsey v. Haley, Fla.App. 1958, 107 So.2d 184; Colby v. Colby, Fla.App. 1960, 120 So.2d 797; 52 Am.Jur., Taxpayers' Actions, Section 3.
It is noteworthy that the City of Boca Raton obtained the land in question from the federal authority without expenditure of municipal tax funds or other appreciable capital outlay. The deed restriction as to airport use was a compact to which the plaintiffs were not privy simply by virtue of their status as taxpayers and patrons of the airport. There was no showing that the defendant city is required by its charter to own and operate a municipal airport. The Federal Aviation Agency is not a party to the proceeding, and the plaintiffs' assertions as to the inevitability of increased taxation and special injury must be held conclusions unsupported by the factual allegations of the complaint. The plaintiffs therefore have pleaded no special legal interest to be determined or protected by the declaratory relief procedure. 52 Am.Jur., Taxpayers' Actions, Section 3, supra; Anderson, Actions for Declaratory Judgments, 2d Ed., Vol. I, Section 9.
In view of the insufficiency of the complaint for the reasons herein set forth it is not necessary to consider the questions of venue and parties or other points raised by the record on appeal and argued by counsel. Perceiving no right, status, immunity, power or privilege to be adjudicated and no wrong to be remedied by declaratory decree, we conclude that the complaint was properly dismissed.
Affirmed.
ALLEN, Acting C.J., and KANNER, J., concur.