151 So.2d 858 (1963)
S.A. LYNCH INVESTMENT CORPORATION, a Florida corporation, Appellant,
v.
CITY OF MIAMI, Jose Ferre and Miami Caribe Investment Corporation, Appellees.
No. 62-561.
District Court of Appeal of Florida. Third District.
April 16, 1963.
*859 Scott, McCarthy, Preston & Steel and Jerry B. Crockett, Miami, for appellant.
Robert D. Zahner, City Atty., and Edward J. Fitzpatrick, Asst. City Atty., Salley & Paul and Stanley A. Beiley, Miami, for appellees.
Before HORTON, BARKDULL and HENDRY, JJ.
PER CURIAM.
The appellant is the owner and operator of a downtown Miami hotel. The appellees Caribe Investment and Ferre are the owners of a piece of property in the block north of the appellant's hotel. By the terms of a comprehensive zoning ordinance, the City of Miami designated the area in which the parties' property is located as the "Central C-3 District." This zoning permits the erection of hotels and office buildings of unlimited height. However, where residential use is contemplated, certain requirements as to set-backs, provisions for rear yard, and other conditions are imposed. The appellees Ferre and Caribe Investment petitioned the City Planning and Zoning Board and obtained a recommendation that a variance be granted waiving these requirements and permitting the erection of a building thirty stories in height, of which the first seven floors would be used for office space and the remaining 23 for apartments. The city commission of the City of Miami approved the recommendations of the Planning and Zoning Board and adopted a resolution granting a variance permit.
The appellant brought suit seeking to nullify the variance permit and to restrain the city from issuing a building permit to the appellees or anyone else. The second amended complaint alleged that the appellant would sustain damages different in kind and degree from those suffered by the community as a whole in that (1) the erection of a building taller than the appellant's hotel would deny appellant the right to sunlight and open space granted it by the comprehensive zoning ordinance, obstruct the view from the restaurant atop the hotel, and generally detract from the desirability and value of the appellant's facilities; and (2) the concentration of residents and tenants in the appellees' building would create sanitary problems and unreasonably burden and congest adjacent streets due to the increase in traffic occasioned by the patrons, suppliers and employees of the new structure.
The appellees moved to dismiss the amended complaint on the ground that it failed to state a cause of action. After hearing, the chancellor granted the motion and entered the order appealed.
The appellant contends that the motion to dismiss should have been denied since the amended complaint states a cause of action. We find this contention to be without merit.
The special damages the appellant would allegedly suffer as a result of the construction of the structure contemplated by the appellees Ferre and Caribe Investment would not be peculiar to the appellant. Rather, they would be generally the type and kind of damages which the public in the particular area would sustain as a whole. We therefore hold that the appellant is without standing to maintain this suit and that its complaint was properly dismissed. Boucher v. Novotny, Fla. 1958, 102 So.2d 132; see also Banyan Cafeterias, Inc. v. Faith Lutheran Church of Hialeah, Fla. 1963, 151 So.2d 426; Ashe v. City of Boca *860 Raton, Fla.App. 1961, 133 So.2d 122; Guernsey v. Haley, Fla.App. 1958, 107 So.2d 184.
The remaining points raised by the appellant are rendered moot by our conclusion that it is without standing to maintain this suit.
Concluding as we have that the order dismissing the complaint was without error, the same should be and is hereby affirmed.
Affirmed.