HORTON, Judge.
The summary final decree appealed dismissed appellant’s complaint with prejudice ■upon a finding (1) that the property in question was not exempt from ad valorem taxes; (2) that the assessment of the property was legal; and (3) that the court would not ■give an advisory opinion as to whether or not the property could in the future be ■exempt.
The appellant is a non-profit organization whose purpose is to promote benevolent, fraternal and charitable proj ects in the community. For several years prior to 1962, the appellant received tax exemption from ad valorem taxes on its real property located at 9 N. E. 3rd Avenue, in the city of Miami, Florida. In 1962, the appellee county refused to grant appellant an exemption from ad valorem taxes and as a result a suit was instituted which culminated in the summary final decree appealed. The appellant owns other real property in which the major portion of its activities is carried on, to-wit: 495 Brickell Avenue, Miami, Florida.
Appellant contends that the summary decree was erroneous because there were material issues of fact relating to the appellant’s use and utilization of the income derived from the property which appellee claims is tax exempt. We conclude the appellant’s contentions are without merit and affirm.
In the first count of its complaint, appellant alleges in substance that approximately 58% of the floor space at 9 N. E. 3rd Avenue was rented to others and the balance of some 42% was occupied and used by appellant for its civic, charitable, benevolent and fraternal purposes and that of the 58% under rent to others, the monies received from such rentals were paid into the general fund of appellant and used along with other funds for its charitable, benevolent and fraternal purposes. It is contended under these allegations and the provisions of § 192.06(3), Fla.Stat., F.S.A.[1] that appellant was exempt from ad valorem taxes on its real property.
A second count contends that'the property was inequitably assessed, that is to say that the property was assessed in excess of its full cash value, and that this, together with the fact that other properties in the county were not assessed at the same rate or per *607 centage, deprived appellant of the equal protection of the law.
The third count of the complaint simply alleged appellant’s doubt as to its right or privilege to an exemption under §§ 192.06(3) and 192.62, Fla.Stat., F.S.A., and asked the court to declare what use the premises could be put to in order for appellant to obtain exemption.
The affidavits submitted in support of appellees’ motion for summary decree disclose that none of the revenues received from the rentals of the portion of the real property in question was used for charitable, benevolent or fraternal purposes. On the contrary, the records of the appellant affirmatively establish that the items which were paid from the rents were not for a charitable, benevolent or fraternal purpose. The burden in these proceedings was upon the appellant to establish its. right to exemption under the law and where its own records fail to establish that the rentals from property allegedly held for charitable, benevolent nad fraternal purposes were so used, the appellant has failed to carry this burden. See Green v. Pederson, Fla.1957, 99 So.2d 292. It is true that opposing affidavits were filed by appellant, but the effect of these was to seek to explain and to some extent contradict and impeach its own records.
The second count of the complaint complained of the excessive assessment and contended that the assessment by the county should be much less. If it was the appellant’s intention to contest the validity of the assessment, then it was incumbent upon it to tender into court as a condition to relief the amount of tax which it conceived was legally due. Section 196.01 provides that a complainant shall tender into court and file with his complaint the full amount of such tax or assessment which he admits to be legally due by him, or file a receipt with the complaint showing the payment of same prior to the institution of suit as a condition to an inquiry by a chancery court into the legality, equality or validity of an assessment. This the appellant obviously did not do.
 As to the third or last count of the complaint, it is apparent that appellant is asking the court for an opinion advisory in nature as to what it might do or could do to bring itself within the provisions of the exemptions afforded charitable, benevolent and fraternal organizations. It has-generally been held that where the relief sought is to secure an advisory opinion of the court, then the proceedings are not considered to be encompassed within the provisions of the Declaratory Judgments Act. See Ashe v. City of Boca Raton, Fla.App.1961, 133 So.2d 122.
The appellee has cross-assigned as error the chancellor’s failure to declare a portion of § 192.06, supra, unconstitutional. The chancellor did not pass upon the validity of that portion of the statute in question; consequently in view of our decision upon the-other questions raised, we do not deem it necessary to consider the cross-assignments..
The decree appealed is affirmed.

. “Such property of education, literary, benevolent, fraternal, charitable and scientific institutions within this state as shall actually be occupied and used by them for the purpose for which they have been or may be organized; provided, not more than seventy-five per cent of the floor space of said building or property is rented and the rents, issues, and profits of said property are used for tbe educational, literary, benevolent, fraternal or charitable or scientific purposes of said institutions * *