PER CURIAM.
The appellants were aggrieved by a decision of the Zoning Board of the City of Miami Beach and filed a complaint praying the circuit court to declare the decision of the Board illegal and to prohibit its enforcement. No record of the proceedings *46 before the Board was filed in the circuit court. The complaint was dismissed upon appellees’ motion; this appeal is from the final judgment of dismissal.
The appellants appear convinced that their complaint was dismissed because they failed to file a record of the proceedings before the Board, since they argue, essentially, that no record of the proceedings before the Board need have been filed in the circuit court whether the action be considered a suit for an injunction or a suit seeking review of the Board’s decision pursuant to § 176.16, Fla.Stat..,[1] F.S.A.
We affirm the judgment, because the complaint is clearly deficient when we examine it in either aspect.
We agree that no record need have been filed in the circuit court if the action is regarded as a suit for an injunction against the Board. But it was necessary that the complaint meet the criterion established by the Supreme Court of Florida in Boucher v. Novotny, Fla.1958, 102 So.2d 132, 135:
“ * * * one seeking redress, either preventive or corrective, against an alleged violation of a municipal zoning ordinance must allege and prove special damages peculiar to himself differing in kind as distinguished from damages differing in degree suffered by the community as a whole.”
The appellants failed to make the requisite allegation in their complaint; therefore, it was properly dismissed.
The complaint was also properly dismissed if the action is regarded as a suit seeking review of the Board’s action pursuant to § 176.16, Fla.Stat., F.S.A., because the appellants’ failure to file a record of the proceedings before the Board violated the command of Rule 4.5, subd. c(l), Florida Appellate Rules, 32 F.S.A., that a petition for writ of certiorari be accompanied by a record of the proceedings sought to be reviewed. McCreary v. Metropolitan Dade County, Fla.App.1962, 144 So.2d 337. Appellants wrongly rely upon Josephson v. Autrey, Fla.1957, 96 So.2d 784, as authority for the proposition that the writ of cer-tiorari mentioned in § 176.16 is different from the usual writ of certiorari so that no record is necessary. Section 176.16 was amended in 1963 to provide for review of decisions of boards of adjustment by “petition for issuance of a writ of certio-rari * * * in the manner and within the time provided by the Florida appellate rules.”
Affirmed.

. “Review, circuit court. — Any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment, or any taxpayer, or any officer, department, board or bureau of the governing body of said municipality, may present to a circuit court a petition for issuance of a writ of certiorari, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality in the manner and within the time provided by the Florida appellate rules.”