**O'STEEN, et ux v. JACOBSEN, et al.**
No. 68-C-644.
Circuit Court, Palm Beach County.
November 7 and December 4, 1968.

Beverly, Moyle, Gentry & Jones, West Palm Beach, for plaintiffs.

Fred Hollingsworth, West Palm Beach, Alton S. Beasley, Stuart, and Paul C. Wolfe of Jones, Adams, Paine & Foster, West Palm Beach, for defendants.

JAMES R. KNOTT, Circuit Judge.

*Final judgment, November 7, 1968:* This cause came on for trial upon the plaintiffs' complaint to enjoin construction of a gasoline service station and upon the answers of the various defendants.

Plaintiffs seek injunctive relief against the construction and operation of a gasoline service station upon the following described real property —

> The North 266 feet of the South 281 feet of the South West ¼ of the South West ¼ of the South West ¼, less the East 542 feet thereof, less the West 33 feet thereof, and less the South 10 feet thereof, Section 25, Township 43 South, Range 42 East, Palm Beach County, Florida.

Plaintiffs' action is based upon the alleged invalidity of a variance granted by the defendant board of adjustment of Palm Beach County permitting the service station in question to be constructed within six feet of the boundary line between the property in question and plaintiffs' adjoining property, and within fifteen feet of Military Trail. Plaintiffs contend that the station should have been located thirty feet from Military Trail and fifteen feet from the plaintiffs' property line. The property at issue is located at the intersection of Military Trail and Belvedere Road in Palm Beach County.

Assuming but not deciding that the variance was not warranted, plaintiffs have nevertheless failed to establish any basis for injunctive relief. Under the county zoning resolution, no side yard was required on the lot in question. A rear yard was required. The zoning resolution states — "On corner lots the front yard shall be considered as parallel to the street upon which the lot has its least dimension."

The lot in question has its least dimension on Belvedere Road, so that under the zoning resolution, without the variance, the front yard of the corner lot in question would face south toward Belve-

dere Road, the side of the lot facing the plaintiffs' property would be a side yard, and the service station, a permitted use under the zoning of the property, could have been constructed at the property line between plaintiffs' and defendants' lots.

Instead, under the variance complained of by the plaintiffs, the building is allowed to, and does, face west toward Military Trail, and is set back six feet from the common property line. Since it appears without question that defendants were not required to obtain a *use* variance and a service station (facing south) could have been built on the property without obtaining a variance, the plaintiffs have not been harmed by the alleged error complained of. The validity of the variance is therefore a moot question.

It was apparent from the evidence of the plaintiffs that their objections were to the location of a service station anywhere upon the lot. It is not established that plaintiffs suffered harm from the granting of a variance which permitted the service station to face west, rather than south, and plaintiffs have therefore failed to sustain their burden of proof. S. A. Lynch Investment Corp. v. City of Miami, 151 So.2d 858.

Thereupon, it is ordered and adjudged that this suit be and it is hereby dismissed with prejudice, each party to bear his own costs.

*Order on petition for rehearing, December 4, 1968:* This cause is before the court upon plaintiffs' petition for rehearing, following final judgment dated November 7, 1968.

The validity of the variance granted to defendants by the board of adjustment is alleged by plaintiffs to be the central legal issue "and the issue which has not yet been resolved." Plaintiffs contend that the variance was improperly granted by the board of adjustment.

The findings of the court contained in the final judgment were, as stated therein, based upon the assumption, *arguendo,* that the variance in question was not warranted, i.e., that it was improperly granted, as contended by plaintiffs. It was the court's conclusion that plaintiffs nevertheless failed to establish any basis for injunctive relief, for the reasons set forth in the final judgment. Plaintiffs take the position that if the variance was improperly granted, it must follow that they are entitled to the injunctive relief which they seek, but the court cannot agree with that contention.

Upon consideration, it is ordered and adjudged that said petition for rehearing be, and the same is hereby denied.