230 So.2d 26 (1969)
FLORIDA PALM-AIRE CORPORATION, a Florida Corporation, Appellant,
v.
Robert O. DELVIN, Jr., Florence F. Delvin, and Broward County, a Political Subdivision of the State of Florida, Appellees.
No. 69-157.
District Court of Appeal of Florida. Fourth District.
November 26, 1969.
Rehearing Denied January 26, 1970.
Arthur J. Franza, Hollywood, for appellant.
John W. Stanford, of Anderson & Stanford, Fort Lauderdale, and James R. Eddy, Pompano Beach, for appellees Delvin.
John U. Lloyd and Betty Lynn Lee, Fort Lauderdale, for appellee Broward County.
*27 McCAIN, Judge.
Appellant-defendant appeals from an order denying its motion for summary judgment. We reverse.
Appellant owns land initially zoned for single-family dwellings in a highly developed area of Broward County, exemplified by multi-story apartment buildings across the intracoastal waterway. To the west and across a canal approximately 50 feet in width live the plaintiffs-appellees, Delvin, in a single-family development.
Broward County adopted a resolution establishing a Planned Apartment R-4B District. Upon application appellant's property was rezoned to this category and limited to four-story multiple use.
Appellees contested the validity of the rezoning ordinance through a complaint, an amended complaint, and ultimately a second amended complaint, alleging injuries but contending they are not burdened with alleging or proving special damages different from that sustained by the community as a whole.
Ultimately this contention came to grips on appellant's motion for summary judgment which was denied.
Plaintiffs' injuries are alleged to be:
"The Plaintiffs will suffer irreparable injury as a direct result of said zoning change by reason of the substantially increased number of dwelling units allowable, increased population, multiple dwellings, multi-story buildings, increased traffic on access streets, increased use of utilities, increased noise, increased traffic on waterways, increased light and glare at night, and similar results of multiple dwelling use, all substantially adjacent to or very near the Delvin Property, and all of which will immeasurably damage Plaintiffs and diminish the value of their property and the saleability thereof. The Palm-Aire Property was zoned for single family dwellings when the Delvin Property was acquired and such zoning was relied upon in such acquisition."
Early decisions attempted to differentiate between an attack on the validity of rezoning as opposed to suit over violation of a zoning ordinance, with only the latter requiring a showing of special damages.[1] This distinction however was eliminated when our Supreme Court denied certiorari on petition from a determination that special damages must be alleged and proved in an attack on a rezoning ordinance.[2] Subsequently, our district courts have consistently followed this pronouncement to the effect that a neighboring owner doesn't have vested rights per se in a zoning ordinance and that a successful attack on any ordinance rezoning property must be inclusive of an assertion of special or irreparable damage differing in kind, rather than in degree, from that sustained by the community as a whole.[3] The phraseology "community as a whole" has been construed to mean the public in that particular area.[4]
Our review of the pleadings, proofs and other documents of record in this case does not reveal either an allegation of or a showing of special damage.
The proofs establish plaintiffs' injuries, i.e., obstruction of view, increased use of utilities, increased traffic, etc., to be not special but those which follow as a *28 natural consequence of increased population and thereby sustained by the public as a whole in that particular area.
On appeal plaintiffs plead that if they are required to allege and prove special damages our court should permit them to amend their complaint accordingly since it has not been shown they can't. To the contrary and as previously stated, the depositions and other proofs of record clearly establish their claim of damages to be general rather than special or peculiar.
Furthermore, at the trial level, this issue of the necessity of special damages was repeatedly raised in a respectable manner. Plaintiffs successfully opposed this and elected for their claim that which we now hold to be insufficient. They could have pleaded in the alternative or through multiple counts, if such were the case, but they chose otherwise.
The purpose of summary judgment is to dispose of those cases in which no genuine issue of material fact exists.[5] A genuine issue is not a fanciful or mystical one, but is that which may be reasonably inferred from the case as a whole.[6]
When one party sufficiently establishes the nonexistence of any genuine issue, it is incumbent upon the other party to come forward in good faith and show that such does exist.[7] Plaintiffs have failed to meet the roll call of this requirement.
We are not unmindful of the liberalities permitting amendments,[8] but substantial justice would be thwarted in this cause by continued litigation.[9]
Justice is a commoditiy not to be tampered with. It is available to all who seek it in good faith. It is not to be approached with tongue in cheek or with cloak and dagger. Our courts are not crystal ball gazers in reviewing that alleged and that which might be alleged and proved. Our judicial process requires such "might" to be based upon proper inferences and reasonable deductions.[10] In this cause none exist.
Accordingly the trial court erred in not entering summary judgment for the defendant-appellant.
This cause is reversed and remanded with instructions for entry of a judgment consistent herewith.
Reversed and remanded.
WALDEN, J., concurs.
CROSS, C.J., dissents, with opinion.
CROSS, Chief Judge (dissenting):
Being in accord with the majority that our courts are not crystal ball gazers, I am hesitant to dispose of this case by granting summary judgment without allowing plaintiffs to allege and prove special damages by amending their complaint. I have always been of the conviction that caution and discernment should go hand-in-hand where the power to enter a summary judgment is exercised, lest such power have the effect of trespassing against fundamental and traditional processes for determining the rights of litigants. Liberal amendments to pleadings are basic to those rights, and can be made under our rules of civil procedure at any time so long as they do not prejudice the opposing party.
I would allow the plaintiffs to amend their complaint before summarily precluding their cause of action.
NOTES
[1] Hartnett v. Austin, Fla. 1956, 93 So.2d 86; Boucher v. Novotny, Fla. 1958, 102 So.2d 132; Elwyn v. City of Miami, Fla. App. 1959, 113 So.2d 849.
[2] S.A. Lynch Investment Corporation v. City of Miami, Fla.App. 1963, 151 So.2d 858 (cert. den. 155 So.2d 695).
[3] McGee v. City of Cocoa, Fla.App. 1964, 168 So.2d 766; Janko v. City of Hialeah, Fla.App. 1968, 212 So.2d 800; Sunset Islands 3 & 4 Ass'n v. City of Miami Beach, Fla.App. 1968, 214 So.2d 45.
[4] S.A. Lynch Investment Corporation v. City of Miami, Fla.App. 1963, 151 So.2d 858 (cert. den. 155 So.2d 695).
[5] Harvey Building, Inc. v. Haley, Fla. 1965, 175 So.2d 780; Producers Fertilizer Company v. Holder, Fla.App. 1968, 208 So.2d 492.
[6] Harrison v. Consumers Mortgage Company, Fla.App. 1963, 154 So.2d 194.
[7] National Exhibition Company v. Ball, Fla.App. 1962, 139 So.2d 489.
[8] Stephens v. Dichtenmueller, Fla. 1968, 216 So.2d 448; Housing Auth. of City of Melbourne v. Richardson, Fla.App. 1967, 196 So.2d 489; Fouts v. Margules, Fla.App. 1957, 98 So.2d 394.
[9] Town of Coreytown v. State, Fla. 1952, 60 So.2d 482.
[10] Holl v. Talcott, Fla. 1966, 191 So.2d 40.