BARKDULL, Judge.
The appellant and the appellees (Richter) owned certain adjoining property in the unincorporated area of Dade County zoned IU-2, Industrial. The Richt-ers applied for a rezoning of their parcel. The Board of County Commissioners ultimately permitted a rezoning from IU-2 to multiple family residence, with certain exceptions relative to a nine-hole golf course and a variance for private in lieu of public roads. This was in accordance with the recommendations of the Planning Board as approved by the Zoning Appeals Board of the County. Pursuant to applicable County ordinances, the appellant sought certiorari before the circuit court, which resulted in an adverse ruling by the trial court holding, first, that the appellant not having alleged a special interest had no standing to prosecute the matter in the circuit court and, second, that even if she had standing the record, as reviewed before the Board of County Commissioners, adequately demonstrated that the issue was fairly debatable and, therefore, the appellant as petitioner in the trial court would not have been entitled to the relief sought. This appeal ensued.
The appellant contends, first, that she had a right to prosecute the matter and, second, that the burden was on the County to show that the rezoning was fairly debatable and that the County failed to carry this burden. We conclude, first, that the record before the County Commissioners demonstrated that the appellant’s property [being contiguous to a part of that of the appellees] by virtue of the rezoning from industrial to multiple family use caused an additional setback restriction on the appellant’s property; that this in and of itself would be sufficient special damage to justify the appellant’s position in presenting her petition to the trial court. And further, it is obvious that the appellant is a *502 property owner within the land area which required notice to her of the use change under the metropolitan ordinances and, as such, was an aggrieved party entitled to appeal the ruling of the Zoning Appeals Board to the County Commission. And, being in the class that was entitled to the notice, she would likewise be entitled to present the controversy to the judicial forum which would initially have jurisdiction of the matter. South Atlantic S. S. Co. of Delaware v. Tutson, 139 Fla. 405, 190 So. 675; Cone Bros. Contracting Co. v. Allbrook, 153 Fla. 829, 16 So.2d 61; United States Casualty Co. v. Maryland Casualty Co., Fla.1951, 55 So.2d 741; 1 Fla.Jur., Administrative Law, § 171.
The County relies heavily on the following authorities: S. A. Lynch Investment Corporation v. City of Miami, Fla.App.1963, 151 So.2d 858; Florida Palm-Aire Corporation v. Delvin, Fla.App.1969, 230 So.2d 26, contending that without an allegation of special damage the appellant would not be in a position to maintain the circuit court proceedings.
First, as indicated above, the appellant as an abutting property owner to the property rezoned would, in fact, suffer a special damage by virtue of the increased setback restriction different in kind from the community generally; and this would meet the test of special damage. But, even without meeting this test, we hold that these cases would not be applicable to a property owner within the area wherein actual notice was required to be sent to him prior to any rezoning hearing. Anything to the contrary said in S. A. Lynch Investment Corporation v. City of Miami, supra,[1] is hereby specifically receded from. We further note that there is a distinction in the cases relied on by the County when there is a proceeding in which a plaintiff seeks to enforce an existing zoning ordinance, such as a violation of a setback requirement, special damage is necessary, and no special damage is necessary when a plaintiff seeks to have an act of a zoning authority declared void or is within the immediate area to be affected. Hartnett v. Austin, Fla.1956, 93 So.2d 86; Josephson v. Autrey, Fla.1957, 96 So.2d 784. In other words, we hold special damage must be shown when a taxpayer or property owner seeks to enjoin the violation of an existing ordinance [i. e., Boucher v. Novotny, Fla.1958, 102 So. 2d 132; Conrad v. Jackson, Fla.1958, 107 So.2d 369], but need not be shown if the taxpayer or property owner is within the affected range of the property which requires actual notice before the rezoning made may be considered by the legislative body [Hartnett v. Austin, supra; Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849; Friedland v. City of Hollywood, Fla.App.1961, 130 So.2d 306; Vol. 3, American Law of Zoning, Anderson, § 21.05, p. 558], or when he seeks to review an alleged void act.[2] Hartnett v. Austin, supra; Joseph *503 son v. Autrey, supra; Rhodes v. City of Homestead, Fla.App.1971, 248 So.2d 674 (opinion filed May 25, 1971). Therefore, we find that in the instant case the appellant had the standing to institute the suit in the trial court.[3]
Now, turning to the merits of the controversy, we find that the appellant had misconstrued the present decision of the appellate courts of this State as to whom has the burden of attacking a rezoning ordinance as to its reasonableness and whether or not it is fairly debatable. At the present time, the burden is upon the one attacking a validly enacted rezoning ordinance or regulation to demonstrate that it is not fairly debatable as an exercise of the police power of the legislative body. See: McCormick v. City of Pensacola, Fla.App.1968, 216 So.2d 785; City of St. Petersburg v. Aikin, Fla.1968, 217 So.2d 315. Examining the record in light of these principles, it is apparent that with the recommendation of the Planning Board and the approval of the Zoning Appeals Board, the action of the County Commissioners in rezoning the property involved is fairly debatable on the record which was presented to them. And, this being so, the courts should not interfere with the legislative discretion of the Board of County Commissioners. City of Miami Beach v. Lachman, Fla.1954, 71 So.2d 148; City of Miami Beach v. Wiesen, Fla.1956, 86 So.2d 442; McCormick v. City of Pensacola, supra; Watson v. Mayflower Property, Inc., Fla.App.1969, 223 So.2d 368.
Therefore, for the reasons stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.

. We have reviewed the decision in Florida Palm-Aire Corporation v. Delvin, supra, which indicates that the case of S. A. Lynch Investment Corporation v. City of Miami, supra, was approved by the Supreme Court because of a denial of certiorari. See: S. A. Lynch Investment Co. v. City of Miami, Fla.1963, 155 So.2d 695. However, we do not find that denial of certiorari without opinion, wherein the Supreme Court declined to take jurisdiction, constitutes a holding by the Supreme Court. And, we believe, upon further reflection of the opinion in S. A. Lynch Investment Corporation v. City of Miami, supra, and the facts as presented in the instant case, it would put a strained construction on the law to say that a property owner must have notice of a hearing before a legislative body may rezone property, but he is not entitled [if aggrieved by the action] to seek a review thereof in a judicial forum. See: Article I, Section 21, Constitution of the State of Florida as Amended in 1968, F.S.A.

. This would be particularly true in a rezoning matter where the legislative body does not have an inherent power to rezone but must comply strictly with the enabling authority.

. It is our intention to certify this cause to the Supreme Court of Florida as one involving a question of great public interest, to wit: the standing necessary for a plaintiff to enforce or attack a zoning ordinance.