# TIGERTAIL ASSOCIATION, INC., etc., et al. v CITY OF MIAMI, et al.

## Case No. 85-056 AP

Eleventh Judicial Circuit, Appellate Division, Dade County

August 15, 1986

### APPEARANCES OF COUNSEL

**Robert D. Korner** for appellants.

**Alan S. Gold** for appellees.

Before SALMON, GREENBAUM, KORNBLUM, JJ.

### OPINION OF THE COURT

GREENBAUM, J.

This cause comes to us on Appeal by adjoining property owners to set aside and vacate the Zoning Regulations of the City of Miami, specifically Resolutions 85-72 and 85-73, which in effect established a Special Zoning Use within that area more commonly known as Dinner Key.

These zoning enactments granted major zoning modifications in the South Bayshore area of Miami under a major use of special permit.

The Petitioners, Appellants, have sufficient standing to institute this suit.

Special damage need not be shown if the taxpayer or property owner is within the affected range of the property which requires actual notice before the rezoning may be considered by the legislative body. *Renard v. Dade County*, 249 So. 2d 500 (Fla. 3d DCA 1971).

The issue raised by the Petitioners that the City of Miami acted in an arbitrary and unreasonable manner, contrary to law, by not publishing and giving the required notice of hearings is refuted by the record of the public hearings which consist of some 1825 pages contained in five volumes of testimony and exhibits. The Court had the additional benefit of oral argument on this issue.

Substantive and procedural due process are essential in the proper administration of all public noticed hearings. Upon careful review, the Court finds the record replete with facts demonstrating that due process requirements were properly met and that all notices were given in the manner prescribed by law. This Court is satisfied that there is no merit in Petitioners' contentions that the City of Miami failed to enact the zoning ordinances pursuant to the terms and conditions set forth in their own ordinances and that the ordinances violated State statute. Procedural standards established by the City of Miami have been met.

All acts of the lower tribunal are clothed with an air or presumption of correctness that pervades the entire matter appealed. *Taylor Creek Village Association v. Houghton*, 349 SO. 2d 1219 (Fla. 3d DCA 1977).

Zoning is not a matter for the courts to decide or ordain by judicial fiat. As stated in *Godson v. Towner of Surfside*, 150 Fla. 614, 8 So.2d 497 (Fla. 1942), "[w]ith the wisdom of the town council in enacting the zoning ordinance, we are not concerned." If there is any reason and a purpose for zoning ordinances, and if they are fair, they should be upheld. The authoritative right of municipal zoning has been firmly fixed as the land of the land since *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S. Ct. 113, 71 L.Ed. 303 (1926). That case, decided by the

180

U. S. Supreme Court, pioneered the right of a municipality, through its legislative body, to regulate by ordinance the use or non-use of land and the nature and character of structural improvements thereon, within its municipal limits, subject only to constitutional limitations against discrimination, violation of due process, etc. As stated by the High Court in *Euclid*:

> If the municipal council deemed any of the reasons which have been suggested, or any other substantial reason, a sufficient reason for adopting the ordinance in question, it is not the province of the courts to take issue with the council. We have nothing to do with the question of the wisdom or good policy of municipal ordinances. If they are not satisfying to a majority of the citizens, their recourse is to the ballot—not the courts.

The subject test whether this issue is fairly debatable is as set forth in *Smith v. City of Miami Beach*, 213 So.2d 281 (Fla. 3d DCA 1969).

> The test used in Florida is whether a particular resolution as applied to a particular piece of property is "fairly debatable", i.e., whether the constitutional test of serving the health, safety, morals, or general welfare of the public, is open to dispute or controversy on grounds that make sense and is fairly debatable; if so, the Court should not substitute its judgment for that of the zoning authority (legislative body). Further still, even though there may be competent evidence against the reasonableness of the resolution, it is only necessary that the resolution be supported by competent substantial evidence to show that the matter is fairly debatable.

The record and transcript show competent substantive evidence which would support the findings that the issues are fairly debatable. The review of the records and transcripts show that there was adequate rationale for the enactment of the ordinances and this substantial competent evidence sufficiently permeated the entire transcript. The substantial relationship rule states that in order for a zoning regulation to be valid it must have a substantial relationship to the promotion of public health, safety, morals or the general welfare. The rule is if the application of a zoning ordinance to a specific parcel property is reasonably subject to disagreement, then the application of the ordinance by the zoning authority must remain unchallenged by the Court.

As to whether or not the Miami City Commission acted arbitrarily or capriciously in its deliberations and conclusions, this Court finds, without reciting the findings set forth in the previous paragraph, that the burden of proof necessary to prove Petitioners' allegations has not been met.

181

The issue raised by the Appellants questioning the manner in which the property was rezoned for the special zoning use includes within it a presumption that this was an illegal contract of zoning by the City for the benefit of a few select property owners.

As stated in *Housing Authority of the City of Melbourne v. Richardson*, 196 So.2d 489 (Fla. 4th DCA 1967);

> An agreement to cooperate and, insofar as it might lawfully do so, make such changes in any zoning of the site and surrounding territory as were reasonable and necessary for the development and protection of the project and surrounding territory was not illegal on the ground that it constituted an unlawful delegation of the power to rezone or an improper zoning action. This is simply a restatement of pre-existent criteria and obligations. There is no provision in the contract that could be construed as a delegation or abdication of zoning power or that could be considered as inimical or a diminution of the plaintiff's rights in zoning.

This has been reaffirmed by the Florida Supreme Court in *City of Coral Gables v. Sakolsky*, 215 So.2d 329 (Fla. 3d DCA 1968).

The rule of law is and has been that the motives of a legislative body are not to be questioned by the Court upon the consideration of its legislative action. It would be fundamental error for this Court to question the motives of the legislative body. *Schauer v. City of Miami Beach*, 112 So.2d 838 (Fla. 1954). That the adjoining property owners could not convince the governing authority to change or modify its views does not mean that the governing body incorrectly arrived at its conclusions and improperly performed its functions.

That the Special Permit Use was not reasonably related to the public welfare is totally without merit.

As to the effective date, this issue has been considered and is without merit.

The decision of the City of Miami is hereby affirmed.