248 So.2d 674 (1971)
James Fred RHODES, Jr., and Betty Joy Lee Rhodes, His Wife, and Robert Barnett and Marion Barnett, His Wife, Appellants,
v.
CITY OF HOMESTEAD, a Municipal Corporation, and Faye Bogner, Appellees.
No. 70-728.
District Court of Appeal of Florida, Third District.
May 25, 1971.
Rehearing Denied June 11, 1971.
Marcus & Barry, Homestead, for appellants.
Thomas J. Walsh, Homestead, for City of Homestead.
Frates, Floyd, Pearson & Stewart, and Alan G. Greer, Miami, for Faye Bogner.
Before CHARLES CARROLL, BARKDULL and HENDRY, JJ.
PER CURIAM.
Appellants sued the City of Homestead and the individual defendant, seeking to have a special use permit, issued to the latter by the city to conduct a real estate business in a zoned residential area declared to be invalid and to enjoin the exercise thereof. The complaint charged the permit was issued illegally by the city in that the city failed to give notice and conduct a public hearing after notice, as required by the city charter. In addition, the complaint challenged the propriety of the action granting the special use permit.
The defendants filed separate motions to dismiss, stating as a ground that the plaintiffs did not show injury to them different from that to the general public. The trial court granted the motions to dismiss with leave to amend. An amended complaint was filed. Defendants moved to dismiss, on the same ground as previously asserted. The motions were granted, again with leave to amend. Plaintiffs stood on the amended complaint, whereupon the court dismissed the cause with prejudice, and plaintiffs appealed.
We find error, and reverse. The rule or ground presented by defendants in moving to dismiss has no application where a person affected seeks to challenge such action of the city on the ground that the action was illegal, or that the proceedings *675 of the city board or council which resulted in such action were conducted contrary to provisions of the charter, such as by failure to the city to give notice required by its charter, as alleged here. See City of Hollywood v. Pettersen, Fla.App. 1965, 178 So.2d 919; Ellison v. City of Fort Lauderdale, Fla. 1966, 183 So.2d 193.
Judgment of dismissal reversed, and cause remanded for further proceedings.