306 So.2d 616 (1974)
STATE of Florida ex rel. Frank C. GARDNER et al., Appellants,
v.
SAILBOAT KEY, INC., et al., Appellees.
David A. DOHENY, Appellant,
v.
SAILBOAT KEY, INC., et al., Appellees.
Nos. 74-382 and 74-498.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*617 Paul & Thomson, Miami, Joseph P. Averill, Miami, Joseph Z. Fleming, William Huggett, Miami, for appellants.
Sams, Anderson, Alper, Spencer & Post, Sam Daniels, Horton, Perse & Ginsberg, John S. Lloyd, Miami, for appellees.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
BARKDULL, Chief Judge.
The background of this case is reported in State ex rel. Gardner v. Sailboat Key, Inc., Fla.App. 1974, 295 So.2d 658.[1] Subsequent to the order under review in the earlier case, plaintiffs amended Count I of their complaint, seeking to enjoin the alleged violations of the municipal zoning ordinance by filing a third amended complaint. Prior to a final hearing on that motion, David A. Doheny, another property owner similarly situated to the appellants, Gardner, attempted to intervene in the proceedings. The trial court denied the intervention and dismissed the third amended complaint, holding that the plaintiffs did not have standing because they suffered no special damages different than those sustained by the general public.[2]
We disagree with the trial judge. This amended complaint differed substantially from the prior complaints in the allegation relative to special damages to the individual plaintiffs, Gardner. Fair Isle is approximately twenty acres in size, running generally in a north to south direction for a length of about 1,300 feet, and is immediately adjacent to the Gardners' property across the waterway. The material difference between the allegations in Count I of the third amended complaint and the allegations in Counts II, III, and IV considered in the earlier opinion is the description of the proposed improvement, which would encompass the entire twenty acres of the island by raising the grade level to a height of approximately 22 1/2 feet above sea level. The record herein shows that in an effort to allegedly obtain the minimum open air space on the island, required by the applicable zoning, and still provide the required parking facilities, the appellees propose building what are in effect two-story parking garages. The grade level around said garages and covering the remainder of the island is then to be raised by *618 10 1/2 feet, thereby giving the illusion of a single story garage. They then propose to utilize a major portion of the roofs of said garages as a sun deck and classify it as open air space. However, the net effect of such action to the adjacent landowners is to elevate all buildings on the island by 10 1/2 feet. This, coupled with the locations of said buildings on the island, has the total effect to the adjacent property owners of raising the vertical clearance on the entire island to a height of approximately 22 1/2 feet which, in effect, would build a "Chinese Wall" across the waterway from the Gardners' property, thereby obstructing their view and possibly causing delay in recession of storm waters which could aggravate the risk of flooding the home of the plaintiffs. We therefore find that the allegations of the third amended complaint did sufficiently allege a special damage in order to give standing to the plaintiffs, Gardner, to maintain the action, particularly in light of the liberal construction of this standing when seeking to enforce a valid zoning ordinance as pronounced by Justice Boyd in Renard v. Dade County, Fla. 1972, 261 So.2d 832. See also: Hartnett v. Austin, Fla. 1956, 93 So.2d 86; Elwyn v. City of Miami, Fla.App. 1959, 113 So.2d 849.
Turning now to the intervenor, this petition for intervention set forth facts which aligned his allegations with those of the appellants, Gardner, and he adopted the allegations of the Gardner's third amended complaint. Therefore, if the Gardners have standing to bring the action, then the intervenor should have been permitted to join as a party-plaintiff.
As to the associations, also named as original plaintiffs, we find no allegations in the third amended complaint that would permit them to maintain a cause of action seeking to enjoin the alleged violation of an existing municipal zoning ordinance, and their dismissal was appropriate under the authorities of the earlier opinion in this matter.
Therefore, for the reasons above stated, the order dismissing the third amended complaint of the appellants, Gardner, be and the same is hereby reversed with directions to reinstate same; that the order denying the petition to intervene by Doheny be reversed with directions to enter an order permitting him to intervene as a party-plaintiff. In all other respects as to the other appellants, the order of the trial judge be and the same is hereby affirmed.
Affirmed in part; reversed in part and remanded with directions.
NOTES
[1] This opinion held that plaintiffs had standing to maintain an action attempting to enjoin an alleged public nuisance. This standing alone should be sufficient to warrant standing in the instant action. However, the trial judge did not have the benefit of this opinion at the time of the entry of the order under review.
[2] The appellants, Gardner, and the associations appeal from the order of dismissal; the appellant, Doheny, appeals from the order denying his motion for intervention. These appeals were consolidated prior to oral argument.