450 So.2d 204 (1984)
CITIZENS GROWTH MANAGEMENT COALITION OF WEST PALM BEACH, INC., Appellant.
v.
CITY OF WEST PALM BEACH, INC., et al., Appellees.
No. 63564.
Supreme Court of Florida.
March 8, 1984.
Rehearing Denied June 14, 1984.
*205 Albert J. Hadeed, John K. McPherson and William P. Healy of Southern Legal Counsel, Inc., Gainesville, for appellant.
Carl V.M. Coffin, City Atty., West Palm Beach, for City of West Palm Beach.
L. Louis Mrachek and David M. Layman of Gunster, Yoakley, Criser & Stewart, Palm Beach, for the Goodman Co.
James R. Wolf, General Counsel, Tallahassee, for Florida League of Cities.
Stephen W. Metz, Florida Home Builders Association, Tallahassee, and Robert M. Rhodes of Messer, Rhodes & Vickers, Tallahassee, for Florida Home Builders Assn.
BOYD, Justice.
We have for review the judgment of the circuit court in Palm Beach County rejecting the challenge of a citizens' group (Citizens Growth Management Coalition of West Palm Beach) to a rezoning decision of the City of West Palm Beach. The citizens' group appealed and the district court of appeal certified that the issues presented by the appeal are such that the determination thereof will have a great effect on the proper administration of justice throughout the state and that they require immediate resolution by this Court. We have jurisdiction pursuant to article V, section 3(b)(5), Florida Constitution. We find that the circuit *206 court's judgment was correct in all respects and we therefore affirm.
The appellant Citizens Growth Management Coalition is an incorporated association the membership of which includes residents, citizens, and taxpayers of West Palm Beach. The Coalition filed a complaint for injunctive and declaratory relief and a petition for statutory writ of certiorari challenging the validity of two ordinances, one a rezoning ordinance and the other a clarification of an existing zoning ordinance. The ordinances were enacted to allow the construction of a large-scale residential and commercial building complex in the downtown area of West Palm Beach. The gravamen of the Coalition's complaint was that the ordinances were not enacted in conformity with the Local Government Comprehensive Planning Act of 1975, sections 163.3161-.3211, Florida Statutes (1981). The trial court entered judgment against the Coalition on the ground that it lacked standing to question the validity of the ordinances under Renard v. Dade County, 261 So.2d 832 (Fla. 1972). Following the taking of an appeal and the district court's certification of the case as one requiring immediate resolution, we accepted jurisdiction and granted motions by the Florida League of Cities and the Florida Home Builders Association to file amicus curiae briefs.
In its brief the Coalition raises two issues. The first is whether it had standing to raise the question of whether the ordinances were passed in conformity with the Local Government Comprehensive Planning Act. The second is whether the city was required to use administrative procedures in determining whether the proposed development was consistent with the city's comprehensive plan. Because we affirm the trial court's holding with respect to standing, we refrain from commenting upon the second issue.
The question of standing to challenge zoning decisions was comprehensively explained in Renard v. Dade County. In that case a district court of appeal certified as a question of great public interest:
The standing necessary for a plaintiff to (1) enforce a valid zoning ordinance; (2) attack a validly enacted zoning ordinance as not being fairly debatable and therefore an arbitrary and unreasonable exercise of legislative power; and (3) attack a void ordinance, i.e., one enacted without proper notice required under the enabling statute or authority creating the zoning power.
261 So.2d at 834. This Court held that under the first category a plaintiff had to prove special damages different in kind from that suffered by the community as a whole, that under the second category a plaintiff needed to have a legally recognizable interest that was adversely affected, and that under the third category an affected resident, citizen, or property owner had standing.
It therefore became important to determine into which category a particular case fell, for different rules of standing applied depending on whether the action sought to enforce a valid zoning ordinance, whether it attempted to attack a validly enacted zoning ordinance as being an unreasonable exercise of legislative power, or whether it involved an attack upon a zoning ordinance which was void because not properly enacted.
Skaggs-Albertson's v. ABC Liquors, Inc., 363 So.2d 1082, 1087 (Fla. 1978).
Appellant argues that none of these three categories are applicable to actions seeking to enforce compliance with the Local Government Comprehensive Planning Act. Appellant claims that although the legislature did not enact a separate statutory section on standing, it intended to grant standing to the fullest extent possible by using the phrase "justiciably raised" in section 163.3194(3)(a), which provides in part:
A court, in reviewing local governmental action or development regulations under this act, may consider, among other things, the reasonableness of the comprehensive plan or element or elements thereof relating to the issue justiciably raised or the appropriateness and completeness of the comprehensive plan or *207 element or elements thereof in relation to the governmental action or development regulation under consideration.
We do not find that the legislature, by adopting this section, intended to broaden the requirements for standing. Because the legislature did not specifically address the question of who has standing to enforce compliance with the Act, we find that it must not have intended to alter the standing requirements established in Renard v. Dade County.
In the alternative, appellant argues that the Act creates for citizens and residents legally recognizable interests which are adversely affected if a rezoning ordinance fails to comply with the Act's requirements. We disagree with this contention. The legislature specifically delineated the intent and purpose of this act in section 163.3161, which provides:
163.3161 Short title; intent and purpose. 
(1) This act shall be known and may be cited as the "Local Government Comprehensive Planning Act of 1975."
(2) In conformity with, and in furtherance of, the purpose of the Florida Environmental Land and Water Management Act of 1972, chapter 380, it is the purpose of this act to utilize and strengthen the existing role, processes, and powers of local governments in the establishment and implementation of comprehensive planning programs to guide and control future development.
(3) It is the intent of this act that its adoption is necessary so that local governments can preserve and enhance present advantages; encourage the most appropriate use of land, water, and resources, consistent with the public interest; overcome present handicaps; and deal effectively with future problems that may result from the use and development of land within their jurisdictions. Through the process of comprehensive planning, it is intended that units of local government can preserve, promote, protect, and improve the public health, safety, comfort, good order, appearance, convenience, law enforcement and fire prevention, and general welfare; prevent the overcrowding of land and avoid undue concentration of population; facilitate the adequate and efficient provision of transportation, water, sewerage, schools, parks, recreational facilities, housing, and other requirements and services; and conserve, develop, utilize, and protect natural resources within their jurisdictions.
(4) It is the intent of this act to encourage and assure cooperation between and among municipalities and counties and to encourage and assure coordination of planning and development activities of units of local government with the planning activities of regional agencies and state government in accord with applicable provisions of law.
(5) It is the intent of this act that adopted comprehensive plans shall have the legal status set out in this act and that no public or private development shall be permitted except in conformity with comprehensive plans, or elements or portions thereof, prepared and adopted in conformity with this act.
(6) It is the intent of this act that the activities of units of local government in the preparation and adoption of comprehensive plans, or elements or portions therefor, shall be conducted in conformity with the provisions of this act.
(7) The provisions of this act in their interpretation and application are declared to be the minimum requirements necessary to accomplish the stated intent, purposes, and objectives of this act; to protect human, environmental, social, and economic resources; and to maintain, through orderly growth and development, the character and stability of present and future land use and development in this state.
Thus the legislature has not indicated in this section that it intended to create additional legal rights in citizens who are only affected in common with the community as a whole. The expressed intent contained in subsection (5) that development *208 shall not be permitted unless it is in conformity with the comprehensive plan imposes a legal duty upon the governing body but does not create a right of judicial redress in the citizens and residents of the community. The legal duty imposed on local governmental bodies is akin to their general obligation to pass ordinances that are reasonable. See 1 Rathkopf, The Law of Zoning and Planning § 3.05 (4th ed. 1979). We therefore hold that only those persons who already have a legally recognizable right which is adversely affected have standing to challenge a land use decision on the ground that it fails to conform with the comprehensive plan. Since the trial court found that the Coalition had failed to prove that it or any of its members had a legally recognizable interest which would be affected by the city's ordinances, we affirm its holding that appellant lacked standing to question the validity of the ordinances.
It is so ordered.
ALDERMAN, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.