642 So.2d 1165 (1994)
Pierre PICHETTE, Alan Yarkin, and Gaytan Mayrand Torres, Appellants,
v.
CITY OF NORTH MIAMI and Performing Arts Management of North Miami, Inc., Appellees.
No. 94-102.
District Court of Appeal of Florida, Third District.
September 28, 1994.
John G. Fletcher, South Miami, for appellants.
Davis, Scott, Weber & Edwards and Laura Besvinick, New York City; David M. Wolpin, North Miami, for appellees.
Before HUBBART and BASKIN and GREEN, JJ.
PER CURIAM.
The final summary judgment under review is affirmed upon a holding that the appellants herein have no legally recognized interest which will be adversely affected by the zoning ordinance of the City of North Miami which appellants challenged below, and therefore they lacked any standing to bring the declaratory judgment action because (1) the appellant Allan Yarkin lives in the City of Bay Harbor Islands, more than a mile across Biscayne Bay from the rezoned site under attack, and there is no genuine *1166 issue raised by this record that he would be affected by noise, traffic impact, land value diminution, or in any other respect by the subject zoning ordinance; and (2) the appellants Pierre Pichette and Gaytan Torres live in the City of North Miami Beach, separated by a 57-acre buffer area from the rezoned tract of land, 3,000 and 2,800 feet, respectively, away from said tract, and there is no genuine issue raised by this record that they would be affected by noise, traffic impact, land value diminution, or in any other respect by the subject zoning ordinance, Renard v. Dade County, 261 So.2d 832 (Fla. 1972); see § 163.3215(2), Fla. Stat. (1993); Citizens Growth Management Coalition of West Palm Beach, Inc. v. City of West Palm Beach, Inc., 450 So.2d 204, 208 (Fla. 1984); compare Southwest Ranches Homeowner's Ass'n v. Broward County, 502 So.2d 931 (Fla. 4th DCA) (adjoining landowners with potential pollution, flood problems had standing), rev. denied, 511 So.2d 999 (Fla. 1987). This being so, it was entirely proper for the trial court to enter the summary judgment under review on the basis that there was no genuine issue of material fact and the defendants were entitled to judgment as a matter of law, given the appellants' lack of standing to challenge the subject zoning ordinance. See Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514, 517 (Fla. 2d DCA 1967), cert. denied, 210 So.2d 870 (Fla. 1968).
AFFIRMED.