988 So.2d 28 (2008)
CITY OF FORT MYERS, a Florida municipal corporation, Petitioner,
v.
Virginia SPLITT, individually, Caloosahatchee River Citizens Association, Inc., a Florida not for profit corporation, Responsible Growth Management Coalition, Inc., a Florida not for profit corporation, Environmental Confederation of Southwest Florida, Inc., a Florida not for profit corporation, and Throgmartin Riverfront Corporation, a Florida corporation, Respondents.
No. 2D07-5469.
District Court of Appeal of Florida, Second District.
June 27, 2008.
Rehearing Denied August 21, 2008.
*30 Nancy E. Stroud and Gary K. Oldehoff of Lewis, Stroud and Deutsch, P.L., Boca Raton, and Grant W. Alley, City Attorney, Fort Myers, for Petitioner.
Andrew W.J. Dickman of Andrew Dickman, P.A., Naples, for Respondents Virginia Splitt, Caloosahatchee River Citizens Association, Inc., and Responsible Growth Management Coalition, Inc.
No Appearance for Respondents Environmental Confederation of Southwest Florida, Inc., and Throgmartin Riverfront Corporation.
CANADY, Judge.
In this certiorari proceeding initiated by the City of Fort Myers, we consider whether the circuit court applied the wrong law regarding standing in issuing a writ of certiorari quashing an ordinance adopted by the City. For the reasons we explain, we conclude that the City is entitled to relief.

I. Background

The respondents here, Virginia Splitt, Caloosahatchee River Citizens Association, Inc., and Responsible Growth Management Coalition, Inc. (referred to hereafter collectively as Mrs. Splitt et al.), appeared in the course of proceedings before the City related to a proposed planned unit development (PUD) for a multiuse project known as "The Vue" to be located on riverfront lands adjacent to Centennial Park. The interest asserted by Mrs. Splitt et al. in the proceedings before the City related primarily to their concerns regarding the public enjoyment of Centennial Park. At the hearings before the City, Mrs. Splitt personally only argued (1) that a tree had been planted in the park in memory of her husband and she did not want it moved and (2) that no part of the park should be turned over to private enterprise. The Caloosahatchee River Citizens Association argued in turn that it was concerned that people who purchased condominiums in the buildings which were part of the PUD would object to noise and traffic from festivals held in the park. The Association also asserted that it was "echoing" the objections raised by other citizens. The Association did not specify which objections it was adopting, but the objections made related to (1) the size of the PUD, (2) the fact that people would complain about noise and traffic, (3) increases in intensity and density, (4) elimination of public use of the land since the park would be in the backyard of the condominium purchasers, (5) overburdening of the city's street system, and (6) overburdening of the wastewater treatment system. The Responsible Growth Management Coalition objected only on the basis of the size of the PUD and the fact that city garbage trucks would have to use access roads to pick up the trash at the PUD.
Mrs. Splitt et al. filed a certiorari petition in the circuit court challenging three ordinances adopted by the City concerning "The Vue" PUD project. Initially, Mrs. Splitt et al. also filed a declaratory judgment action seeking a determination that the ordinances were inconsistent with the City's comprehensive plan. That action was, however, voluntarily dismissed. The thrust of the certiorari petition was that the ordinances did not comply with the PUD criteria and other requirements applicable under the City's zoning ordinances. The circuit court denied the petition with respect to two of the challenged ordinances but granted it with respect to the third ordinance, ordinance 3366, which was adopted January 11, 2007.
*31 In the circuit court, the City challenged the standing of Mrs. Splitt et al. on the ground that they had failed to establish in the record of the proceedings before the City that they had standing under the "special damages" standing test articulated in Renard v. Dade County, 261 So.2d 832, 837 (Fla.1972), for challenges seeking to enforce valid zoning ordinances.
Mrs. Splitt et al. conceded that the Renard standard was applicable but contended that the allegations of their petition were sufficient to establish their standing under Renard. The circuit court concluded, however, that the question of standing was governed not by the Renard standard but by the provisions of section 163.3215, Florida Statutes (2006), regarding challenges to the consistency of a development order with a comprehensive plan. Based on the application of section 163.3215, the circuit court determined thataccording to the allegations of their petition in the circuit courtMrs. Splitt et al. had the requisite standing.
The City now contends that the circuit court's decision granting relief with respect to ordinance 3366 should be quashed because the circuit court applied the wrong law with respect to the test for standing and thus departed from the essential requirements of law. The City also contends that the circuit court applied the wrong law by not requiring that the facts establishing standing appear in the record of the proceedings before the City.

II. Analysis

Both parties acknowledge that the decision of the City at issue here was a quasi-judicial decision rather than a legislative decision and thus subject to challenge in the circuit court by way of certiorari. See Park of Commerce Assocs. v. City of Delray Beach, 636 So.2d 12 (Fla.1994).

A. Standard of Review

In a second-tier certiorari proceeding with respect to a quasi-judicial decision of a local governmental entity, the district court's review of the circuit court's judgment is limited to "`[1] whether the circuit court afforded procedural due process and [2] applied the correct law.'" Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843 (Fla.2001) (alterations in original) (quoting City of Deerfield Beach v. Vaillant, 419 So.2d 624, 626 (Fla.1982)). In utilizing this two-part standard, a district court is simply "deciding whether the lower court `departed from the essential requirements of law.'" Id. at 843 n. 16 (quoting Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530 (Fla.1995)).
"`The appellate court has no power in exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy under consideration nor to direct the [entry of] any particular order or judgment.'" G.B.V. Int'l, Ltd., 787 So.2d at 844 (quoting Tamiami Trail Tours v. R.R. Comm'n, 128 Fla. 25, 174 So. 451, 454 (1937) (on rehearing)).

B. The Applicable Law of Standing

The section 163.3215 standard for standing applied by the trial court governs de novo challenges to "the consistency of a development order with a comprehensive plan." § 163.3215(1). Under the statute, "[a]ny aggrieved or adversely affected party may maintain a de novo action for declaratory, injunctive, or other relief" with regard to "a development order ... which materially alters the use or density or intensity of use on a particular piece of property which is not consistent with the comprehensive plan." § 163.3215(3).
The statute defines "aggrieved or adversely affected party" to mean

*32 any person or local government that will suffer an adverse effect to an interest protected or furthered by the local government comprehensive plan, including interests related to health and safety, police and fire protection service systems, densities or intensities of development, transportation facilities, health care facilities, equipment or services, and environmental or natural resources. The alleged adverse interest may be shared in common with other members of the community at large but must exceed in degree the general interest in community good shared by all persons. The term includes the owner, developer, or applicant for a development order.
§ 163.3215(2) (emphasis added).
The Renard standard for "standing to enforce a valid zoning ordinance" requires a showing of "special damages." 261 So.2d at 837. The "special damages" rule is derived from "the law of public nuisance." Id. at 835 (citing Boucher v. Novotny, 102 So.2d 132 (Fla.1958)). Under this standard, an individual does not have standing to sue unless he can show "`special damages peculiar to himself differing in kind as distinguished from damages differing in degree suffered by the community as a whole.'" Renard, 261 So.2d at 835 (quoting Boucher, 102 So.2d at 135).
It has repeatedly been acknowledged that the standing provisions of section 163.3215 were adopted to liberalize the standing requirements that would otherwise be applicable. See Parker v. Leon County, 627 So.2d 476, 479 (Fla.1993); Stranahan House, Inc. v. City of Fort Lauderdale, 967 So.2d 427, 433 (Fla. 4th DCA 2007); Payne v. City of Miami, 927 So.2d 904, 907 (Fla. 3d DCA 2005); Pinecrest Lakes, Inc. v. Shidel, 795 So.2d 191, 200 (Fla. 4th DCA 2001); Putnam County Envtl. Council, Inc. v. Bd. of County Comm'rs, 757 So.2d 590, 593 (Fla. 5th DCA 2000); Sw. Ranches Homeowners Ass'n v. Broward County, 502 So.2d 931, 935 (Fla. 4th DCA 1987).
The difference between the section 163.3215 standard and the Renard special damages test is immediately apparent. Under section 163.3215(2), standing may be based on the showing of an adverse effect on an interest that "exceed[s] in degree the general interest in community good shared by all persons." (Emphasis added.) The more restrictive Renard standard requires a showing of special damages "`differing in kind as distinguished from damages differing in degree suffered by the community as a whole.'" 261 So.2d at 835 (emphasis added) (quoting Boucher, 102 So.2d at 135).
Here, Mrs. Splitt et al. voluntarily abandoned any comprehensive plan consistency challenge to the ordinance. Once they did so, Mrs. Splitt et al. were foreclosed from obtaining the advantage of the more liberal standing provisions applicable under section 163.3215. In determining the standing issue on the basis of section 163.3215, the circuit court failed to apply the correct law.

C. Determining Standing in Certiorari Proceedings

The circuit court similarly failed to apply the correct law when it determined the standing issue on the basis of the allegations of Mrs. Splitt et al. in their certiorari petition rather than on the basis of the record made in the proceedings before the City. "[T]he well[-]established rule applicable to ... certiorari proceedings[s][is] that the reviewing court's consideration shall be confined strictly and solely to the record of proceedings by the agency or board on which the questioned order is based." Dade County v. Marca, S.A., 326 So.2d 183, 184 (Fla.1976). This *33 rule controls the determination of the factual basis establishing standing to initiate a certiorari proceeding in the circuit court. See Battaglia Fruit Co. v. City of Maitland, 530 So.2d 940, 943 (Fla. 5th DCA 1988) (holding that where city as certiorari petitioner failed to establish the basis for city's standing in the record of the county zoning proceedings, "the circuit court departed from the essential requirements of law in not dismissing the City's petition for lack of standing").

D. Prejudicial Error

We reject any suggestion that Mrs. Splitt et al. had standing even under the more restrictive requirements of Renard and that the circuit court's failure to apply the correct law therefore was harmless error. Standing under the Renard special damages test is typically based on some impact on the litigant's interest as an owner of property. See, e.g., Kagan v. West, 677 So.2d 905, 908 (Fla. 4th DCA 1996); Pichette v. City of N. Miami, 642 So.2d 1165, 1165-66 (Fla. 3d DCA 1994); State ex rel. Gardner v. Sailboat Key, Inc., 306 So.2d 616, 618 (Fla. 3d DCA 1974). There is no warrant for concluding that if the circuit court had applied the correct law, it would have determined that Mrs. Splitt et al. established their standing under the special damages test.

III. Conclusion

Because the circuit court applied the wrong law, we grant the City's petition for certiorari. The order of the circuit court is quashed to the extent that it granted relief with respect to ordinance 3366.
Petition granted; order quashed in part.
FULMER and VILLANTI, JJ., Concur.