193 So.2d 691 (1967)
SARASOTA COUNTY ANGLERS CLUB, INC., and William Cheney, Appellants,
v.
Haydon BURNS, As Governor of the State of Florida, Fred O. Dickinson, As Comptroller of the State of Florida, Earl Faircloth, As Attorney General of the State of Florida, Broward Williams, As Treasurer of the State of Florida, and Doyle Connor, As Commissioner of Agriculture of the State of Florida, Being and Constituting the Trustees of the Internal Improvement Fund of the State of Florida, As Such Trustees and Not Individually, the Town of Longboat Key, a Florida Municipal Corporation, Arvida Corporation, a Corporation Authorized to Do Business in the State of Florida, and Cc Shores 5, Inc., a Corporation Authorized to Do Business in the State of Florida, Appellees.
No. H-313.
District Court of Appeal of Florida. First District.
January 17, 1967.
*692 Harkavy, Doyle, Hasson & Ludacer, Sarasota, for appellants.
Earl Faircloth, Atty. Gen., J. Kenneth Ballinger, Asst. Atty. Gen., Cooney, Palmer & Bergs, and Glenn L. Berry, for appellees.
JOHNSON, Judge.
This is an appeal from an order dismissing a complaint, which was the fourth amended complaint, without allowing for further amendment. Assigned also as error is the court's order dismissing plaintiff's third amended complaint.
The substance of the complaint is that the defendants, Arvida and CC Shores, with the consent and approval of the defendants, the Town of Longboat Key and the Trustees of the Internal Improvement Fund, propose to fill or were engaged in filling submerged land at or off Longboat Key, to the detriment of the use thereof by the plaintiffs and others similarly situated for fishing, bathing and boating. The Town of Longboat Key had established its bulkhead line in 1959. The defendant Arvida is a substantial owner of lands lying within the easterly bulkhead line of the Town, said lands having been sold by the Trustees of the Internal Improvement Fund of Florida to said defendant or its predecessor in title, sometime prior thereto. The Town had consented to the dredging and filling of the lands. Also the Trustees had approved the bulkhead and fill and had issued their permit for dredging and filling by the defendant Arvida with respect to the lands owned now by CC Shores 5. The lands in question are bottom lands and were a part of the submerged sovereignty lands of the State of Florida, prior to sale thereof by the Trustees of Internal Improvement Fund of Florida. It is alleged that said lands prior to the filling and dredging were used and usable by the plaintiff-Cheney and the members of the Sarasota County Anglers Club, Inc. the co-plaintiff, and that the fill as already done had ousted the plaintiffs and "all members of the public similarly situated" from the use of said lands; that the proposed use by the defendant Arvida would prevent the use of and access to the bottoms by the plaintiffs for boating, fishing, etc., and that it constituted a public nuisance.
The plaintiff, Sarasota County Anglers Club, Inc., is a private non-profit corporation acting in behalf of its members, and the plaintiff Cheney is acting in his own behalf as a citizen of Sarasota County. They are praying for a declaratory decree and injunctive relief against the Trustees of the Internal Improvement Fund and the Town of Longboat Key, abating the alleged purpresture and nuisance, and that the land in question be declared to be impressed with a public easement for boating, bathing, navigation, fishing and other public uses, and to have the dredge-fill permit declared illegal and void.
*693 The chancellor requested oral argument on these points:
1. The court does not have jurisdiction of the subject matter.
2. Insufficiency of process.
3. The complaint fails to state a cause of action.
Later, written memorandums or summaries of the oral argument were prepared and filed and are now before this court.
The learned chancellor entered a very comprehensive and extensive order in this cause in which he detailed the factual and legal facets involved. We do not wish to repeat all the statements of the chancellor, but we cannot improve upon his statements of the law either. Suffice it to say that we agree with the chancellor in his finding and holding that the plaintiffs are not in a position to maintain this action.[1] Plaintiffs' claim of authority to bring this action as authorized by Section 64.11, Florida Statutes, F.S.A., is untenable as to the facts in the case sub judice, and its application limited to those cases referred to in Section 823.05, Florida Statutes, F.S.A. Further we must agree with the chancellor that the plaintiffs have failed to show in what manner they have been damaged as private citizens differing in kind from the general public and therefore have no right to sue.[2] Because of the importance of the questions involved in this case and the possibility, if not probability, of similar situations arising in the future because of the extensive shore line and bottom lands of Florida, we are glad the chancellor proceeded to discuss the merits of this case and affix his finding thereto. We think it appropriate to quote pertinent portions from the chancellor's final decree which is under attack here, and in which we agree with the chancellor:
"The title to public bottoms is vested in the state as a public trust to be held for the benefit of all the people. The trust, however, does not go to the extent of requiring that every part of public bottoms must be forever maintained in a state of nature for use in that condition by any citizen who would prefer that no change be made. If this were true no docks could be built, no piers constructed and no bridges (except suspension bridges) erected over any public bottoms. The economic development of the state public health and safe navigation often require the draining of marshes, the dredging of channels and the filling of some areas to produce firm land. It is quite obvious that the public interest demands that there be some impairment of the individual citizen's right to enjoy absolute freedom in the use of public bottoms. The decisions recognize this fact.
"It necessarily follows that some agency must determine when, under what circumstances, and to what extent the public interest demands or permits the construction of wharfs, docks, piers, buoys, the dredging of channels and the filling of parts of the public bottoms.
"The Legislature has recognized this fact and has entrusted this responsibility primarily to the highest officials of the state who constitute the Trustees of the Internal Improvement Fund but has also given some authority and responsibilities to local officials (See Florida Statutes, Chapter 253). This is an administrative function which should be performed by officials of the executive department of government.
"There is no allegation that the statute under which the Trustees and the Town of Longboat Key have acted are invalid in any respect, nor is there any allegation that either of these public bodies, charged with the duty to protect the public interest in this area of government, has acted in bad faith, or has in any way abused or exceeded its statutory powers.

*694 "Under these circumstances the complaint states no cause of action for which relief may be granted."
Agreeing as we do with the chancellor's decision that the plaintiffs are not in position to maintain this action and further agreeing that even on the merits, the plaintiffs are not entitled to the relief prayed, the order appealed from is hereby affirmed.
WIGGINTON, Acting C.J., and SACK, J., concur.
NOTES
[1] O'Dell v. Walsh, 81 So.2d 554 (Fla. 1955).
[2] Deering v. Martin, 95 Fla. 224, 116 So. 54 (1928).