324 So.2d 655 (1975)
CITY OF KEY WEST et al., Petitioners,
v.
Reubin O'D. ASKEW et al., Respondents.
Nos. Y-363, Y-430.
District Court of Appeal of Florida, First District.
December 23, 1975.
Rehearing Denied January 28, 1976.
*656 Joseph C. Jacobs and Robert J. Angerer, of Ervin, Varn, Jacobs & Odom, Tallahassee, for petitioners.
Robert L. Shevin, Atty. Gen., and James D. Whisenand, Asst. Atty. Gen., for respondents.

On Motion to Dismiss
RAWLS, Acting Chief Judge.
The City of Key West, International Brotherhood of Electrical Workers, and more than 300 named individuals or businesses filed their petition with this Court to review what they term the "Final Agency Action" of Respondent Administration Commission[1] which promulgated Rule 22F-8 designating "[a]ll lands in Monroe County"[2] an area of critical state concern. Respondents have moved to dismiss upon the primary grounds that: 1) the action taken by Respondents is not "final agency action" within the purview of Florida Statute 120.68(1), and 2) that the Petitioners do not have standing to prosecute this appellate action in that they are not parties within the meaning of Florida Statute 120.52(9).

*657 Final Agency Action
The statutory basis for designation of areas of critical state concern is Florida Statute 380.05. By the terms of this statute, the State Land Planning Agency "may from time to time recommend to the administration commission specific areas of critical state concern." The statutory provision then charges the State Administration Commission with the responsibility to "either reject the recommendation as tendered or adopt the same with or without modification and by rule designate the area of critical state concern." (Emphasis supplied.) Florida Statute 380.031(14) states: "`Rule' means a rule adopted under chapter 120." This record discloses without contradiction that the Administration Commission sought to comply with the provisions of Chapter 120 in adopting Rule 22F-8.
We now turn to Chapter 120. Florida Statute 120.52(2) provides in part: "`Agency Action' means the whole or part of a rule or order, or the equivalent, or denial of a petition to adopt a rule or issue an order." (Emphasis supplied.) Florida Statute 120.52(3) defines "Agency Head" as the person or collegial body in a department statutorily responsible for final agency action. Florida Statute 380.05 clearly provides that the provisions for areas of critical state concern cannot be implemented until the Administration Commission adopts a rule under Chapter 120. Thus, the Administration Commission is statutorily responsible for "final agency action" in adopting a rule pursuant to the provisions of Florida Statute 380.05 and Chapter 120, Florida Statutes. The adoption of the subject rule constituted final agency action.

Standing of the City of Key West
The "Rule of Department of Administration, Administration Commission, Chapter 22F-8, Land Planning, Part 8, Boundary and Principles for Guiding Development for the Florida Keys Area of Critical State Concern, provides, inter alia:
"21F-8.02 Boundary
"The following area is hereby designated as the Florida Keys Area of Critical State Concern:
"All lands in Monroe County, except:
"1) that portion of Monroe County included within the designated exterior boundaries of the Everglades National Park and areas north of said Park;
"2) all lands seaward of mean high water that are owned by local, state, or federal governments; and
"3) excluding any federal properties.
......
"22F-8.03 Principles for Guiding Development
"A. Objectives to be Achieved
"1) Strengthen local government capabilities for managing land use and development... .
......
"5) Protection of the historical heritage of the Florida Keys and the Key West Historical Preservation District;
"6) Protection of the value, efficiency, cost-effectiveness and amortized life of existing and proposed major public investments, including:
"a. the Florida Keys Aqueduct and water supply facilities
"b. sewage collection and disposal facilities
"c. solid waste collection and disposal facilities
......
"B. Elements Requiring Regulation
"1) Planning and Administration
"a. Each local government jurisdiction should adopt a plan... .

*658 "b. Issuance of development orders should be coordinated... .
"c. Special zoning districts should be created....
"d. A community impact assessment statement should be submitted and approved prior to the issuance of zoning and rezoning orders or site plan approval. .. ."
Florida Statute 120.52(9)(a) defines "party" as: "Specifically named persons whose substantial interests are being determined in the proceeding." The boundary description in the proposed rule includes the City of Key West; the city is a local government; and extensive provisions sought by the enactment of the subject rule are directed to "strengthen the local government" and to compel the local government to initiate zoning and other ordinances pertaining to the use of land within its boundaries. Thus the City of Key West is a specifically named person whose substantial interest is being determined, and it is a party within the meaning of Chapter 120, Florida Statutes.[3]

Standing of "Citizen Petitioners"
The Petitioners in their brief filed in opposition to Respondents' motion to dismiss characterize themselves as "several hundred residents, citizens, property owners, businessmen of every description" and then bestow upon themselves the title of "Citizen Petitioners".
The instant proceeding is legislative in character. The legislature, in its wisdom, has delegated to the Cabinet, in the nomenclature of "An Area of Critical State Concern", functions analogous to those traditionally exercised by city commissions, local boards, and county commissions acting within the police power in restricting the use of real property by landowners. Such restrictions have historically been legislative in character and reviewable by the judiciary solely upon constitutional concepts. "Standing" to judicially challenge a zoning ordinance or the utilization of property by a landowner required that plaintiffs show in what manner they have been damaged as private citizens differing in kind from the general public.[4] The rationale of the prior decisions requiring a plaintiff to allege a special injury separate in kind comports with logic, especially in this age of seemingly unending litigation. It would seem to be most illogical to permit "Citizen Petitioners", who testify before sundry House and Senate committees against the enactment of a proposed bill, to subsequently litigate in the courts the wisdom of the legislature in enacting same. Although the proceedings now sought to be reviewed are analogous to the legislative process, apparently, logic has been supplanted by the new Administrative Procedure, Act.[5] Salient provisions of the Administrative Procedure Act applicable to standing of "Citizen Petitioners" are:
"120.52(9) `Party' means:
......
"(c) Any other person, including an agency staff member, allowed by the agency to intervene or participate in the proceedings as a party. Any agency may by rule authorize limited forms of participation in agency proceedings for persons who are not eligible to become parties." (emphasis supplied)
"120.54 Rule making; adoption procedures. 
"(1) Prior to the adoption ... of any rule ... an agency shall give notice of its intended action....
......

*659 "(2) ... the agency shall, on the request of any affected person ... give affected persons an opportunity to present evidence and argument on all issues under consideration appropriate to inform it of their contentions."
We now turn to the instant proceedings. The State Administration Commission timely promulgated a Notice of Rule Making, wherein it advised all interested persons of proposed Rule Number 22F-8 which establishes the boundaries of the Florida Keys Area of Critical State Concern and set forth the principles for guiding development in such area. The notice further advised that a public hearing would be held in Key West on March 28, 1975, and a second public hearing would be held in Tallahassee on April 15, 1975, for a decision on the rule. On March 19, 1975, Attorney Joe Jacobs advised the Administration Commission:
"On behalf of our clients hereafter named, we request as affected parties, an opportunity to present evidence and argument on all issues under consideration appropriate to inform you of our contentions... .
"We represent the following persons who would each like to testify at any hearing on the final report and recommendations for the Florida Keys  Area of Critical State Concern: [naming 42 individuals]" (Exhibit No. 7)
On March 26, 1975, Attorney Jacobs submitted to the Administration Commission the names of 12 additional persons that he represented regarding the proposed adoption of Rule 22F-8 (Exhibit No. 8). At the hearing held in Key West on March 28, Attorney Jacobs appeared on behalf of the foregoing named clients, adduced testimony by a number of witnesses and vociferously participated in the "agency action". Thus, the agency, pursuant to Florida Statute 120.52(9)(c), recognized these "interested persons", allowed them to intervene and participate in the proceedings as parties. The agency did not by rule authorize limited forms of participation in the proceedings for persons who were not eligible to become parties, even though such might well have been appropriate in this type of proceeding.
The City of Key West is an affected party and the 54 named "interested persons" as set out in Petitioners' Exhibits 7 and 8 have standing to appeal the agency action adopting Rule 22F-8, and as to these parties, Respondents' motion to dismiss is denied. As to all other persons and entities named in the notice of appeal, the motion to dismiss is granted.
It is so ordered.
MILLS and SMITH, JJ., concur.
NOTES
[1] Composed of members of the Florida Cabinet.
[2] Excepting Everglades National Park and areas north of the Park; all lands seaward of mean high water mark owned by local, state, or federal governments, and any federal properties.
[3] Also, pursuant to Florida Statute 120.52 (9)(b), the City of Key West is a person whose substantial interest will be affected by the proposed agency action.
[4] Sarasota County Anglers Club, Inc. v. Burns, 193 So.2d 691 (1 Fla.App. 1967). See Sarasota County Angler's Club, Inc. v. Kirk, 200 So.2d 178 (Fla. 1967). Also see United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974).
[5] Chapter 74-310, Laws of Florida 1974.