341 So.2d 1062 (1977)
UPPER KEYS CITIZENS ASSOCIATION, INC., a Florida Corporation, Appellant,
v.
Martha WEDEL, County Commissioner, et al., Appellees.
No. 76-680.
District Court of Appeal of Florida, Third District.
February 1, 1977.
*1063 Edward B. Johnson, Jr., Key West, for appellant.
Paul E. Sawyer and Richard G. Payne, Key West, Pettigrew, Arky, Freed, Stearns, Watson & Greer, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Appellant, plaintiff below, is a non-profit corporation, whose membership consists of citizens of the Upper Keys area of Monroe County, including residents of North Key Largo, the site of a proposed planned unit development project. Said project was to be built by appellee-Abess and was sanctioned by appellee-Board of County Commissioners, which approved the final plat and issued a development order.
After exhausting administrative remedies, appellant filed its complaint against appellees, alleging several instances in which appellee-Board of County Commissioners had acted in violation of both the Zoning Regulations of Monroe County and Florida's "Sunshine Law," Section 286.011, Florida Statutes (1975). In particular, appellant pointed to a closed, unrecorded and unadvertised meeting between the Monroe County Zoning Board and appellee-Abess. The alleged purpose of said meeting was to discuss plans and specifications of the proposed development. Based upon the alleged violations of the above laws, appellant sought to have the zoning variance decision of the Zoning Board of Monroe County, as upheld by the Board of County Commissioners, declared illegal and void.
By order of March 16, 1976, the lower court dismissed appellant's complaint on the sole ground that appellant did not have standing to bring the lawsuit. Appellant appeals from that order.
The order of dismissal cited, among others, the cases of United States Steel Corporation v. Save Sand Key, Inc., 303 So.2d 9 (Fla. 1974); Askew v. Hold THE Bulkhead-Save Our Bays, Inc., 269 So.2d 696 (Fla.2d D.C.A. 1972) and Sarasota County Anglers Club, Inc. v. Burns, 193 So.2d 691 (Fla.1st D.C.A. 1967), for the proposition that in order for a private non-profit citizens' association (such as appellant) to have standing to sue, said corporation must (1) allege special injury that (2) differs in kind from that suffered by the general public. Absent the allegation of special injuries to its members, appellees contend that appellant has no standing to prosecute its lawsuit.
For the reasons discussed below, we view reliance upon the above principle of law as inappropriate, given the particular facts of the case sub judice and we therefore reverse the order of the lower court.
In both United States Steel, supra, and Sarasota County Anglers Club, supra, non-profit corporations attempted to enjoin what they alleged to be public nuisances. Both courts, fearing a multiplicity of lawsuits, denied the corporations' standing on *1064 the ground that no special injury had been alleged by the corporations, different in kind from the injury suffered by the public, generally. Likewise, in Askew, supra, a public corporation attempted to enjoin the state from building various facilities in a public wild life sanctuary. Again, the court denied the corporation standing to prosecute its lawsuit in that no special injury to its members had been alleged.
Unlike the facts in the above cases, appellant here, is not attacking the zoning variance on the ground that it would allow for the construction of an alleged public nuisance; rather, appellant is attacking the variance on the ground that it was illegally enacted, violating the procedural safeguards found in both the Monroe County zoning regulations and the "Sunshine Law."
We have held that the "special injury" requirement has no application where a person affected seeks to challenge a zoning action on the ground that said action was illegally enacted, or conducted contrary to the provisions of a charter. Rhodes v. City of Homestead, 248 So.2d 674 (Fla.3d D.C.A. 1971). Compare Sarasota County Anglers Club, Inc., supra, discussed above, wherein the court, quoting from and adopting the language of the chancellor in his order of dismissal, held no standing for the reason, among others, that:
"`There is no allegation [in the complaint] that the statute under which the Trustees and Town of Longboat Key have acted are invalid in any respect, nor is there any allegation that either of these public bodies ... has acted in bad faith, or has in any way abused or exceeded its statutory powers ...'" Supra, at 693.
In addition, our Supreme Court, by way of certified question, has dealt with standing to attack an allegedly void zoning ordinance, and has held that any affected resident, citizen or property owner of the governmental unit in question has standing to challenge an improperly enacted, and thus void, ordinance without the necessity of showing special damages. Renard v. Dade County, 261 So.2d 832 (Fla. 1972).
In that the gravamen of appellant's complaint is the allegation that the zoning variance in question was illegally enacted, as opposed to an attack on any public nuisance resulting therefrom, we hold that no special damages need be alleged by appellant as a prerequisite for its "standing." We are careful to emphasize, however, that standing is conferred upon appellant only for the above limited purpose of testing the validity of the enactment itself.
Because the order appealed was confined to the issue of "standing," we are not obliged to pass judgment on the merits of appellant's complaint. Connelly v. Merritt, 273 So.2d 7 (Fla.1st D.C.A. 1973); Hankins v. Title and Trust Company, 170 So.2d 454 (Fla.1st D.C.A. 1965). We therefore remand the cause to the lower court for proceedings not inconsistent with this opinion.
Reversed and remanded.