BASKIN, Judge.
Rejecting appellants’ contention that the circuit court lacked jurisdiction to review the Monroe County Board of County Commissioners’ reversal of the Board of Adjustment, we hold that the filing of a complaint in the circuit court within thirty days of the Commissioners’ written resolution established circuit court jurisdiction.
Chapter 61-2503, section 10, Laws of Florida, provides:
Any person or persons, jointly or severally, who may be aggrieved by any decision of the Board of County Commissioners made pursuant to a review of any decision or action of ... the Board of Adjustment ... may, within thirty (30) days after such decision, but not thereafter, apply to said Circuit Court for relief.
The Monroe Board of County Commissioners announced its decision orally on March 22, 1982. Reversing the Board of Adjustment, the Board of County Commissioners required the director of the Department of Building, Planning and Zoning to post a stop-work order at appellees’ construction site for violation of county setback requirements, but the written resolution reflecting the Commissioners’ decision was not signed until several days later. Thus, although application to the circuit court was made thirty-two days after the oral decision, it was timely because it was filed within thirty days of the final written resolution. The special act, Chapter 61-2503, requires that “every decision or direction [of the Board of County Commissioners] shall be recorded in the minute book of such Board.” It is the recording *794 that triggers the thirty-day period for filing for relief in the circuit court.*
Affirmed.

 The Administrative Procedure Act does not apply because Monroe County has not been defined as an “administrative agency” by general or special law or judicial decision. Administrative Procedure Act, § 120.52(l)(c), Fla. Stat. (1981).