BARKDULL, Judge.
Following our decision rendered in Upper Keys Citizens Association, Inc. v. Wedel, 341 So.2d 1062 (Fla. 3d DCA 1977) and upon the matter returning to the trial court, the parties reached an agreement as to certain limitations on the Planned Unit Development (PUD) referred to therein. Upon the agreement being implemented the proceedings, referred to in Upper Keys Citizens Association, Inc., v. Wedel, supra., were voluntarily dismissed on August 27, 1980. Thereafter the property ultimately came into the possession of City National Bank, as trustee. It was then determined to make an application to alter *1019 the original PUD plans and such an application was made to the Monroe County Zoning Board for a deviation and an amended development order. At a hearing, the Zoning Board on October 23, 1982, adopted resolution number 006-1982 which determined that the changes requested were not major changes under the Monroe County PUD [1] and recommended that the Board of County Commissioners find that the proposed 1982 amendment did not constitute a substantial deviation from the 1980 plan and recommended the adoption of the amended developmental order to such an effect.
Pursuant to the applicable local code an aggrieved party had 30 days to appeal this order of the zoning board to the Board of County Commissioners.[2]
An appeal of the Zoning Board ruling was taken by Friends of the Everglades, Inc., on October 25, 1982. Later that same date the cause came on for hearing before the Board of County Commissioners for approval of the Zoning Board’s recommendation. Upon being informed of the pending appeal the Board noted in the record that it would not consider anything pertaining to whether there was a minor or major change in the PUD pending determination of Friends of the Everglades, Inc. appeal. Notwithstanding this, the Board approved the October 23rd amended development order.[3] The appellant also filed a notice of appeal from the order of the Zoning Board within the 30 day period on November 22, 1982. A hearing on these appeals was conducted before the Monroe County Commission in late November, 1982. However, a written resolution affirming the action was not entered until January 7, 1983.[4] Thereafter, within 30 days of this date the *1020 instant law suit was commenced in the trial court on January 27, 1983 alleging in counts I and III a direct action for declaratory and injunctive relief and in count II a right to a de novo hearing, or in the alternative certiorari review of the Board of County Commissioners’ order.
Both sides moved for summary judgment and the trial court granted the developers and county’s motion and denied the plaintiff’s motion on the following grounds; first, that the resort to circuit court was untimely in that the 30 days began to run upon the oral pronouncement of affirmance and corresponding minute book entry of November 30th and second, that the plaintiff lacked standing to bring the action.
As to the first point, we reverse. This court has held in Board of County Commissioners of Monroe County v. Marks, 429 So.2d 793 (Fla. 3d DCA 1983), construing the same section involved in this case, that the 30 days began to run from the recording of the “final written resolution” which occurred in the instant case January 7, 1983. As to the second point, this court in the earlier opinion, in Upper Keys Citizens Association, Inc., v. Wedel, supra, found that the appellant has standing, initially, to contest the validity of the proposed PUD and certainly under the factual situation wherein they contend that the 1982 action of the Monroe County authorities is contrary to their settlement agreement of 1980, they have standing. Further the trial judge recognized under the third Renard test[5] the association would have standing to urge any procedural invalidity. We find that they would also have standing under the second Renard test by the virtue of the peculiar circumstances relating to the settlement. However, they would have no right to test the “wisdom” of the Board’s action. Renard v. Dade County, 261 So.2d 832 (Fla.1972); City of Miami v. Save Brickell Avenue, Inc., 426 So.2d 1100 (Fla. 3d DCA 1983); Save Brickell Avenue, Inc. v. City of Miami, 393 So.2d 1197 (Fla. 3d DCA 1981).
Therefore, for the reasons above stated, the final summary judgment under review be and the same is hereby reversed with directions to the trial court to require the plaintiff therein to determine whether it wishes to proceed under its allegations in count I and III of its complaint or to have certiorari review under its allegations of count II of the complaint.
Reversed and remanded with directions.

. Section 19 — 234(i) states:
"Any change other than minor changes in the location of a structure and other minor details proposed for an approved PUD project shall be submitted and processed in the same manner as an original application for establishment of a PUD district. Minor changes involving the location of structures or similar details are permissible provided the general PUD project concept is not altered and such minor changes are reviewed and approved by the Zoning Board. If any minor changes are approved by the Zoning Board, such changes shall be indicated in writing and provided to the zoning official prior to any zoning or use clearance being issued which reflects such changes.”

. Section 19-77(b) of the Monroe County Code provides:
"Any person or persons claiming to be aggrieved on account of any ruling of the Zoning Board ... may appeal in writing to the Board of County Commissioners. Any such appeal must be filed within 30 days after the act or decision upon which any appeal is made and must specify the grounds thereof.”

. An appeal of this order was attempted by Friends of the Everglades and Upper Keys to Florida Land and Water Adjudicatory Commission (FLWAC). This appeal was dismissed and this dismissal came on for review before the 1st DCA and resulted in an opinion affirming the dismissal, which is found in Friends of the Everglades, Inc. v. Board of County Commissioners of Monroe County, 456 So.2d 904 (Fla. 1st DCA 1984).
This opinion sets at rest the fact the Upper Keys had no right to appeal any alleged Chapter 380 FS violation to the Florida Land and Water Adjudicatory Commission, however, the opinion recognizes the right of a litigant to go into the circuit court pursuant to such rights which may flow from Section 21 of the Declaration of Rights of the Florida Constitution (1968).

.Zoning Department RESOLUTION NO. 007-1983
Resolution affirming the decision of the zoning Board of Monroe County, Florida, and denying the request of the Upper Keys Citizens Association, Inc. to reverse the decision of the Zoning Board of Monroe County, Florida, approving an amended development order for an approved planned unit development (PUD) project known as Port Bougain-ville as requested by the City National Bank of Miami, as trustee.
WHEREAS, the Zoning Board of Monroe Coun-' ty, Florida, on October 22-23, 1982, recommended to the County Commission of Monroe County the adoption of an amended Development Order on an approved Planned Unit Development (PUD) project known as Port Bougain-ville, on property described as:
Port Bougainville — a resubdivision of "First Revised Plat of North Largo Yacht Club Plat No. 1,” as recorded in Plat Book 7, Page 21 and being further described as being a revised plat of “First Revised Plat of North Largo Yacht Club, Plat No. 1,” according to the plat thereof, as recorded in Plat Book 7, Page 14 and being located in Sections 31 and 32, Township 60 South, Range 40 East, Key Largo. and
WHEREAS, the Upper Keys Citizens Association, Inc. having duly appealed said recommen- *1020 dátion to the Board of County Commissioners of Monroe County, Florida, sitting as the Board of Appeals, and the Board having reviewed the transcript of the October 22-23, 1982 hearing, having considered the argument of all parties present wishing to speak on the matter, and all premises considered, now, therefore,
BE IT RESOLVED BY THE BOARD OF COUNTY COMMISSIONERS OF MONROE COUNTY, FLORIDA, sitting as the BOARD OF APPEALS, as follows:
1. That the recommendation of the Zoning Board of Monroe County, Florida, on October 22-23, 1982 regarding approval of the request of the City National Bank of Miami, as Trustee, for an amended Development Order on an approved Planned Unit Development (PUD) project known as Port Bougainville, be and the same is hereby affirmed.
2. That the Upper Keys Citizens Association, Inc. be and it is hereby denied a reversement (sic) of the decision of the Zoning Board of Monroe County, Florida approving the amended Major Development Order for Port Bougainville on the above described property.
Passed and adopted by the Board of County Commissioners of Monroe County, Florida, at a regular meeting of said Board held on the 7th day of January, A.D. 1983.
BOARD OF COUNTY COMMISSIONERS OF MONROE COUNTY, FLORIDA By/s/ Jerry Hernandez, Jr. Mayor/Chairman

. In Renard v. Dade County, supra, at 838 the Supreme Court stated:
"[7] Part (3) of the question certified deals with standing to attack a zoning ordinance which is void because not properly enacted, as where required notice was not given. Any affected resident, citizen or property owner of the governmental unit in question has standing to challenge such an ordinance."