# THE SIERRA CLUB, et al. v STATE OF FLORIDA, DEPARTMENT OF ENVIRONMENTAL REGULATION

## Case No. 88-4582R

State of Florida, Division of Administrative Hearings

November 15, 1988

### APPEARANCES OF COUNSEL

**Peter B. Belmont,** for petitioners.

**David A. Crowley,** for respondent.

**James S. Alves, Thomas T. M. DeRose,** Hopping, Boyd, Green & Sams, for intervenors, E.I. duPont de Nemours and Co., Inc., Associated Minerals (USA), and Florida Electric Power Coordinating Group, Inc.

**Janet E. Bowman,** Messer, Vickers, Caparello, French & Madsden, for intervenor, Florida Home Builder Association, Inc.

**Lawrence E. Sellers, Jr.,** Holland & Knight, for intervenor, Florida Phosphate Council, Inc.

**Cindy L. Martin,** Landers and Parsons, for intervenor, General Development Corporation.

## OPINION OF THE COURT

ROBERT T. BENTON, II, Hearing Officer.

### FINAL ORDER

Motions to dismiss, which the respondent and certain intervenors filed and in which the remaining intervenors joined, raised the question whether the Division of Administrative Hearings had jurisdiction to entertain the petition for administrative determination of the invalidity of a proposed rule with which petitioners initiated this rule challenge proceeding on September 16, 1988. On November 7, 1988, the motions came on to be heard.

Petitioners contend that the Environmental Regulation Commission failed to follow statutorily prescribed rulemaking procedures when it approved a second version of a dredge and fill mitigation rule over a year after it originally gave notice of its intention to promulgate a rule on the subject, and long after it had already approved one version for adoption. The thrust of the argument is that the ERC has circumvented rulemaking procedures in adopting, in effect, what is an amendment to an existing rule. Petitioners also contend that the proposed mitigation rule provisions do not comport with the statutes they purport to implement. But the respondent and intervenor raise the preliminary question whether the petition is timely.

### ISSUE

Whether the petition for administrative determination of the invalidity of a proposed rule was filed within the time Section 120.54(4)(b), Florida Statutes (1987) prescribes for instituting challenges to proposed administrative rules?

### FINDINGS AND CONCLUSIONS

The time limit Section 120.54(4)(b), Florida Statutes (1987) sets for filing petitions which seek determinations of invalidity under Section 120.54, Florida Statutes (1987), before proposed rules ever take effect, is jurisdictional. *Department of Health and Rehabilitative Services v Alice P.,* 367 So.2d 1045 (Fla. 1st DCA 1979); *Organized Fishermen of Florida v Marine Fisheries Com'n.,* No. 88-3821R (DOAH; Sept. 14, 1988); *City of Gainesville v Florida Public Service Com'n.,* 3 FALR 2448-A (DOAH 1981). *Contra, Florida Medical Center v Department of Health and Rehabilitative Services,* No. 88-3970R and consolidated cases, Nos. 88-4018R and 88-4019R (DOAH; Nov. 1, 1988). If a petition challenging a proposed rule is not filed within 21 days of the notice initiating rulemaking which Section 120.54(13)(b), Florida Statutes (1987) requires agencies to publish, those seeking

240

invalidation are relegated to rule challenge proceedings under Section 120.56, Florida Statutes (1987), unless they are parties to the rulemaking, and take timely steps to secure judicial review of the agency action adopting the rule. See *City of Key West v Askew,* 324 So.2d 655 (Fla. 1st DCA 1976).

Substantially affected parties who fail to file a Section 120.54 challenge in time are not without an administrative forum in which to litigate both whether the substance of a rule is authorized by statute and whether the manner of its adoption was lawful. Since the petition alleges no constitutional infirmity in the rule, nothing petitioners have pleaded here would be foreclosed from consideration in a Section 120.56 proceeding. See *Department of Environmental Regulation v Leon County,* 344 So.2d 297 (Fla. 1st DCA 1977).

On appeal from an order invalidating an existing rule which had been challenged pursuant to Section 120.56, Florida Statutes (1987), the court in *Department of Administration v Herring,* 530 So.2d 962 (Fla. 1st DCA 1988), while rejecting the hearing officer's conclusions, considered the propriety of the procedures employed in rulemaking. Challenges to existing rules on grounds of inadequacy of economic impact statements are other instances in which rulemaking procedures have been tested in Section 120.56 proceedings. See *Department of Health and Rehabilitative Services v Delray Hospital Corp.,* 373 So.2d 75 (Fla. 1st DCA 1979). Even where an agency makes no claim that it has followed any of the procedures required for rulemaking, challengers must ordinarily file under Section 120.56, Florida Statutes (1987). See *State, Department of Administration v Stevens,* 344 So.2d 190 (Fla. 1st DCA 1977).

The petition in the present case may be read as alleging that DER published notice of proposing a mitigation rule in June of 1987, although the Florida Administrative Weekly reflects publication on May 1, 1987. But it is clear from the petition that more than a year elapsed, after publication, before the present petition (or the earlier petition dismissed July 21, 1988) was filed. This makes the petition untimely under Section 120.54, Florida Statutes (1987).

It is, accordingly,

ORDERED:

The petition for administrative determination of the invalidity of a proposed rule is dismissed, without prejudice to the filing of a petition pursuant to Section 120.56, Florida Statutes (1987).

DONE and ENTERED this 15th day of November, 1988, in Tallahassee, Florida.